UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW W. PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 08-CV-327-P-S |
| | ) | |
| AMERICAN BANK, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| EVEST LENDING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 09-CV-475-P-S |
| | ) | |
| AMERICAN BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO ABATE OR STAY**

Before the Court is Defendant American Bank's Motion for an Order Directing Andrew Preston and American Bank to Abate or Stay Prosecution and Defense of Arbitration Proceeding. (Case No. 2:08-cv-327, Docket # 21; Case No. 2:09-cv-475, Docket # 8.) Defendant asks the Court to either: (1) stay or abate the arbitration of case number 2:08-cv-327, currently scheduled for October 20-22, 2009, so that it can be consolidated with case number 2:09-cv-475; or (2) order Evest Lending, Inc. ("Evest") to submit its claims in case number 2:09-cv-475 to the scheduled arbitration of case number 2:08-cv-327.

As the First Circuit has repeatedly recognized, the "bedrock" of arbitration is that it is "'a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" McCarthy v. Azure, 22 F.3d 351, 354 (1st Cir. 1994) (quoting AT&T Tech., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986)); see also Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 12 (1st Cir. 2001) ("[A] party cannot be forced to arbitrate when it has not agreed to do so."). Evest is not a party to the Branch Manager Employment Agreement[1] ("Agreement") and, therefore, did not agree to submit its claims to arbitration. (See First Am. Compl. at Ex. A (Case No. 2:08-cv-327, Docket # 5-2).) Accordingly, the Court lacks the authority to order Evest to arbitrate its claims asserted in case number 2:09-cv-475.[2]

With regard to whether the Court should stay or abate the scheduled arbitration of case number 2:08-cv-327, it is undisputed that the Agreement, which was executed by both Preston and American Bank, contains a mandatory arbitration clause. (See Agreement ¶ 15.) As American Bank argued in its Motion to Dismiss, "[t]he claims

---

[1] In support of its Motion to Dismiss filed when Evest was a party to case number 2:08-cv-327, American Bank argued that Evest was "not a party to the Agreement between Mr. Preston and American Bank" and that "American Bank does not undertake to do anything for Evest's benefit in the Agreement." (American Bank's Mot. To Dismiss (Case No. 2:08-cv-327, Docket # 9), p. 5.) Aside from the merits of its argument, American Bank may be judicially estopped from now asserting that Evest is subject to the arbitration clause in the Agreement. See Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 34 (1st Cir. 2004) (judicial estoppel prevents a party from taking inconsistent positions at different phases in the same litigation).

[2] The Court also notes that Evest's claim against American Bank is styled as a "Complaint for Equitable Relief." (Compl. for Equitable Relief (Case No. 2:09-cv-457, Docket # 1-2).) As the Agreement's arbitration clause specifically excludes "petitions for equitable relief," it is questionable whether Evest's claim against American Bank would be subject to arbitration even if Evest were a party to the Ageement.

asserted in the Complaint must, therefore, be resolved through arbitration."[3]  (American Bank's Mot. To Dismiss (Case No. 2:08-cv-327, Docket # 9) p. 9.)  Because Preston and American Bank agreed to arbitrate their dispute, the Court must enforce this agreement.  See Volt Info. Scis, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989) (courts are required to enforce privately negotiated arbitration agreements in the same manner as any other contractual term).  Moreover, the Court sees no reason to postpone the arbitration as Evest cannot be compelled to participate and neither Preston nor American Bank can avoid participating.

Accordingly, Defendant American Bank's Motion for an Order Directing Andrew Preston and American Bank to Abate or Stay Prosecution and Defense of Arbitration Proceeding (Case No. 2:08-cv-327, Docket # 21; Case No. 2:09-cv-475, Docket # 8) is DENIED.  Case number 2:08-cv-327 remains STAYED pending completion of arbitration.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 16th day of October, 2009.

---

[3] The Court again notes that American Bank seems to be taking a position contrary to that which it asserted in its Motion to Dismiss and may be judicially estopped from asserting that the claims arising out of or related to the Agreement should not be arbitrated.